**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:03 CV 527** |
| | ) | **(No. 2:98 CR 103)** |
| **REINALDO ANTONIO AROCHO** | ) | |
| **Defendant** | | |

## O P I N I O N

This matter is before the court on defendant Arocho's motion asking the court to reconsider its order of March 21, 2005, which summarily denied and dismissed Arocho's § 2255 motion. The court has thoroughly considered Arocho's arguments, and is not persuaded that its prior decision should be reconsidered and reversed.

To explain briefly, Arocho makes three arguments in support of reconsideration. First, he argues that the court should at least have had the government respond or have held a hearing on the issue whether his attorneys were ineffective for not seeking to suppress evidence based on an alleged violation of the "knock-and-announce" rule stated in 18 U.S.C. § 3109; *i.e.*, that without taking those steps, the court erred in finding that a "no-knock" execution of the search warrant at issue was proper.

Even if Arocho is correct that the court erred in determining a "no-knock" entry was justified, the ultimate decision on the ineffective assistance issue remains the same. In this circuit, suppression of evidence is not a remedy for a "knock-and-announce" violation. *United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002). As the court stated more recently, "the remedial path .  .  . is foreclosed by this Circuit's precedent: after

our decision in *United States v. Langford,* suppression of evidence obtained as a result of a search subsequent to a knock-and-announce violation is not available as a remedy." *United States v. Sutton*, 336 F.3d 550, 552 (7th Cir. 2003). Thus, Arocho's attorneys were not ineffective for failing to seek suppression.

Second, Arocho argues that his claim that the affidavit used to obtain the search warrant contained misrepresentations depended on evidence outside the record, requiring the court to hold a hearing.  The court found, however, that even if all of the statements in the affidavit that Arocho alleges to be false were excised, probable cause supporting the issuance of a search warrant still would have existed. Thus, the court did not err by not taking additional evidence on this issue at a hearing.

Last, Arocho argues that the court erred in finding that the admission of co-conspirator Marc Flores' post-arrest statement did not violate his rights under *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The court concluded that because references to Arocho were redacted, and the jury was instructed that the statement could not be considered as evidence against any defendant other than Flores, no *Bruton* violation occurred. Arocho argues that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), shows that the court erred and that his right to confront witnesses against him was violated by the admission of Flores' statement.

In *Crawford*, the Court noted that the text of the Confrontation Clause makes it applicable to witnesses "against" the accused. Thus, an out-of-court statement made by

defendant Crawford's wife, even though within an exception to the hearsay rule, could not be *admitted against* Crawford (to show that he had not acted in self defense) where he could not confront and cross-examine her. 541 U.S. at 51, 124 S.Ct. at 1364. *Crawford* has no relevance to Arocho's case, where Flores' statement was admitted against Flores only, and the jury was specifically instructed that the statement could not be considered as evidence against Arocho.

For these reasons, Arocho's motion for reconsideration is **DENIED**.


**SO ORDERED.**


ENTER: April 21, 2005


 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT